**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 123977
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael H. Germes,<br><br>        Plaintiff,<br><br>        v.<br><br>Discover Financial Services Inc., Branch Banking and Trust Company, Experian Information Solutions, Inc. and Equifax Information Services, LLC<br><br>        Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Michael H. Germes ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Discover Financial Services Inc. (hereinafter referred to as "*Discover*"), Branch Bank and Trust Company (hereinafter referred to as "*BB&T*"), (Discover and BB&T are hereinafter referred to as "*Furnisher Defendants*"), Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*") and Equifax Information Services, LLC (hereinafter referred to as "*Equifax*") (Experian and Equifax are hereinafter referred to as "*CRA Defendants*") (collectively Furnisher Defendants and CRA Defendants are referred to as "*Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681.

2. This action is commenced against the CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after

having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

3. This action is commenced against the Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate and/or misleading information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial and dissemination of inaccurate reports to at least one third party, which is akin to the tort of defamation.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because on information and belief, Equifax maintains offices in New York, New York and one of its members maintains residence in New York, New York and as such is subject to the court's personal jurisdiction.

## PARTIES

8. Plaintiff Michael Germes is an individual who is a citizen of the State of Pennsylvania, Lehigh County, Pennsylvania.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c)

10. Defendant Discover is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

11. Defendant Discover is a financial service provider incorporated in Illinois and has a principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015 is

registered to do business in the State of New York and may be served with process on its registered agent 28 Liberty Street, New York, NY 10005.

12. Defendant BB&T is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

13. Defendant BB&T is a banking and financial services provided located in North Carolina and has a principal place of business located at 200 S College St, Floor 1, Charlotte, North Carolina 28202. BB&T also maintains offices and conducts substantial business in the state of New York and within this judicial district.

14. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f), that regularly conducts business in the State of New York and this judicial district.

15. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

16. Defendant Equifax is registered to do business in the State of New York, and also maintains offices in New York County and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

17. Defendant Equifax by contractual agreement, disbursed consumer background reports for remuneration to third parties.

18. Defendant Experian is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

19. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

20. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

**SUBSTANTIVE ALLEGATIONS OF FCRA**

21. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

(a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

22. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

23. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

24. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

25. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FACTUAL ALLEGATIONS**

26. Plaintiff's consumer credit report with Defendants contains inaccurate and misleading information which has been disseminated to third parties and resulted in him being denied for a residential mortgage loan.

4

**Discover**

27. Plaintiff had an outstanding charged off debt with Discover in the amount of $5,121.89.

28. Plaintiff settled this debt with Discover on or around October 11, 2021 for $2,586.00.

29. This settlement resolved the debt in its entirety and nothing more is due and owing. As such, Plaintiff's credit reports should reflect that the debt is settled or paid off for less than the amount owed.

30. After completing the settlement, Plaintiff caused a dispute letter to be sent to the CRA Defendants on or around October 12, 2021 via certified mail, informing them that the account was settled and now has a zero balance.

31. Upon information and belief, CRA Defendants received the FCRA dispute letter and within five business days of receipt, CRA Defendants forwarded the notice of dispute and all relevant information regarding the dispute to Discover.

32. Upon information and belief, Discover received the notices of dispute and all relevant information regarding the dispute.

33. More than thirty (30) days have passed for the CRA Defendants and Discover to investigate the FCRA dispute, but Experian and Discover continued to report the debt as unpaid with an outstanding balance.

34. Since this debt was settled and paid off entirely, the reporting of a charged off balance and the failure to indicate that the debt is settled is inaccurate, misleading and violates the FCRA.

35. Here, rather than updating the account to reflect as settled, Experian and Discover continued to report the account as having an outstanding balance of $1,535, which is inaccurate and misleading. Plaintiff did not make the settlement payment with the intent to merely pay down the debt, but intended to resolve it entirely.

36. Upon information and belief, Experian and Discover either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

37. Upon information and belief, Experian failed to provide Discover with the notice of dispute and all relevant information.

38. Had Experian and Discover performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was settled with no remaining balance, or the tradeline would have been deleted entirely.

39. Notably, the tradeline was updated to reflect accurately on Plaintiff's Equifax and Trans Union credit reports.

40. As a result of Experian and Discover's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, a decreased credit score, decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of not being able to use and benefit from their credit due to this inaccurate reporting and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third parties.

41. Furthermore, Experian and Discover are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

**BB&T**

42. BB&T is reporting a duplicate charged off tradeline on Plaintiff's Equifax credit report .

43. Plaintiff, without confirming or denying the accuracy of the information on the individual tradeline, can confirm that there is only one such account with BB&T. As such, BB&T's reporting of this account twice is erroneous and inaccurate.

44. Due to this error, Plaintiff's credit worthiness and credit score were negatively impacted.

45. In an effort to alleviate this error and in keeping with FCRA processes, on or about October 12, 2021, Plaintiff disputed the duplicate reporting by submitting a written dispute via certified mail.

46. Upon information and belief, Equifax received the FCRA dispute letter and within five business days of receipt, Equifax forwarded the notice of dispute and all relevant information regarding the dispute to BB&T.

47. Upon information and belief BB&T received the notice from Equifax of Plaintiff's dispute letter and provided BB&T with all relevant information regarding the dispute, as required by the FCRA.

48. More than thirty (30) days passed for Defendants Equifax and BB&T to investigate the FCRA dispute, but Equifax and BB&T continued to report the duplicate account on Plaintiff's credit file.

49. The receipt of the dispute from Equifax triggered BB&T's obligation to conduct an investigation.

50. However, upon information and belief, Equifax and BB&T failed to conduct any investigation or conduct an investigation that cannot possibly be considered reasonable or proper.

51. A duplicate of the account remained on Plaintiff's credit report which effectively doubles Plaintiff's indebtedness and reducing his credit worthiness with potential creditors.

52. Equifax and BB&T continued to report this erroneous information to Plaintiff's credit report reducing Plaintiff's credit score and adversely impacting Plaintiff's creditworthiness.

53. On information and belief, Equifax failed to maintain or follow reasonable procedures to ensure maximum possible accuracy including to prevent the duplication of a tradeline on Plaintiff's credit report.

54. Equifax and BB&T's failure to conduct a reasonable investigation and the continued reporting of the duplicate account was the proximate cause of Plaintiff's actual damages including, a decreased credit score, decreased credit worthiness, emotional and mental pain due to the anxiety and stress of not being able to use and benefit from his credit and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third parties.

55. Plaintiff has been burdened by the cost in time and expense of having to consult with professionals regarding resolving this inaccurate reporting and dispute this inaccurate reporting.

## COUNT I
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).**

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy

7

in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

58. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's credit reports, but Equifax failed to do so.

59. Upon information and belief, the CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

60. In violation of §§ 1681e(b) and 1681(i), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

61. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

62. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

63. In violation of § 1681o and § 1681n, the CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

64. The CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

65. As a result of the CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

66. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i** *et seq.*

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

69. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendants and merely parroting information received from the furnisher.

70. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and his dispute.

71. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

72. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

73. Upon information and belief, CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iv) requested or obtained any relevant documents from Furnisher Defendants. As such, there is no evidence of a reasonable investigation being conducted.

74. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

75. The CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

77. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III

**Furnisher Defendants' Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

78. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79. At all times pertinent hereto, Discover is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

80. At all times pertinent hereto, BB&T is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

81. The Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

82. The Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

83. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnishers have provided the inaccurate information.

84. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendants, upon information and belief, the CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

85. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notice of dispute and all relevant information regarding the disputes.

86. Upon information and belief, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

87. The Furnisher Defendants failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnishers has provided the inaccurate information.

88. Upon information and belief, the Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by

providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

89. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

90. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

91. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

92. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

93. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

94. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

95. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

96. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

97. The Furnisher Defendants' conduct was willful in that they had direct knowledge of the settlement agreement, were a party to that settlement, received payment for the settlement, and received FCRA dispute notice of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

98. Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to the Plaintiff upon receipt of the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

99. The Furnisher Defendants is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100. In the alternative, the Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

101. For the foregoing reasons, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

102. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

- a   Adjudging that Defendants actions violated the FCRA; and
- b   An order enjoining Defendants from persisting in their violative behaviors;
- c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
- d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);
- f   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).
- g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    h    Such other and further relief as the Court determines is just and proper.

DATED: January 5, 2022

        **SANDERS LAW GROUP**

        By:   */s/ Alain Cesar*
        Alain Cesar, Esq.
        100 Garden City Plaza
        Suite 500
        Garden City, NY 11530
        Tel: (516) 203-7600 ext 1270
        Email: acesar@sanderslaw.group
        File No.: 123977
        *Attorneys for Plaintiff*